Nott, J.
delivered the opinion of the Court.
The only question in this case is, whether one of the payees of the note could sue alone, or whether both should have joined in the action.
The ’general rule is, that all must join in the action, who have an interest in the contract. Therefore, it is said, that when a contract is to pay to two or either of them, the action must be in the name of both. In this instance, there does not appear to *14 be any joint interest. The promise is not to pay to both or either .of them, which might suppose them to have an equal or joint interest; but it is to pay to one or the other.
By the express terms of the contract, the money is to be paid to one or the other, severally and not jointly; and it would seem, therefore, that either might maintain the action. It is the law which the parties have made for themselves, and I do not find any technical rule opposed to it. In the case of Bell v. Chaplain, Hardres 321, the plaintiff had delivered another man’s goods to the defendant, upon his promising to deliver them to the owner, but he did not deliver them. It is said, “ that either the owner or deliverer may maintain an action against him; but they cannot join.” In the same case it is said, “ if a third person be to have the benefit of the promise, as in the case of a father and son, where a promise is made to a father for the benefit of the son, there they cannot join ; but either of them may bring the action.” The same principle was decided in the case of Bone v. Hillen, 1 Mills’ Con. Rep. 198. So that the circumstance that one or the other may maintain the action, does not appear to furnish any objection. The difficulty which has been suggested, that the Court does not know for which to render judgment, has no weight in my mind. For a judgment in favour of either will be a bar to the other.
I am of opinion that, according to the terms of the contract, the plaintiff was entitled to bring the action, and I cannot perceive that any rule of law is violated, or that any inconvenience can result from maintaining it in this form.
Motion granted.